IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rosendo Alcala, | ) | C/A No. 0:10-2727-HMH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Edgefield Federal Prison; Mary Mitchell, | ) | |
| *Warden*; Mr. Acosta, *Assist. Warden*; Mr. | ) | |
| Collie, *Captain*;  Mr. Clark, *Lt.*; Mr. Holet, *Lt.*; | ) | |
| Mr. Neal, *C Unit Manager*; Mr. Mahomes, *A* | ) | |
| *Unit Manager*; Mr. Boltin, *A 4 Counselor*; Mr. | ) | |
| Johnson, *C 1 Counselor*; Mr. Santiago, *S.I.S.*; | ) | |
| Roper, *Unit Officer*; Upson, *Unit Officer*; | ) | |
| Flores, *Unit Officer*; Kate, *Unit Officer*; | ) | |
| Martin, *Unit Officer*; Green, *Unit Officer*; | ) | |
| Evans, *Unit Officer*; Jackson, *Unit Officer*; | ) | |
| Mrs. Jones, *A 4 Case Manager,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Rosendo Alcala ("Alcala"), a self-represented federal prisoner, filed this civil

rights matter pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403

U.S. 388, 397 (1971).[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local

Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss

Alcala's Complaint.  (ECF No. 36.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

the court advised Alcala of the summary judgment and dismissal procedures and the possible

_____

[1] In Bivens, the United States Supreme Court established a direct cause of action under the
Constitution of the United States against federal officials for the violation of federal constitutional
rights.  A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C.
§ 1983; therefore, case law involving § 1983 claims is generally applicable in Bivens actions.  See
Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825
(1994).

PJG

consequences if he failed to respond adequately to the defendants' motion.  (ECF Nos. 37.)  Alcala

responded in opposition to the defendants' motion.  (ECF No. 58.)  Having carefully considered the

parties' submissions and the applicable law, the court finds that the defendants' motion to dismiss

should be granted.

## BACKGROUND

The incidents that are the subject of Alcala's Complaint have occurred during his

incarceration at FCI-Edgefield, an institution of the Bureau of Prisons.  Alcala contends that on or

about February 11, 2010, he and approximately 100-125 Mexican inmates were moved from the

general prison population to a special housing unit ("SHU") due to a fight that occurred among a

"few inmates."  (Compl., ECF No. 1 at 2-3.)  Alcala alleges that an investigation of the Mexican

inmates occurred "to find out who did what."  (Id. at 2.)  Alcala alleges that as a result of this

placement he was denied "outside recreation, access to the law books and materials, inmates had to

go on food strike, in order to get the officers attention, and to be released back on to the compound

with other inmates."  (Id. at 3) (errors in original).  Alcala asserts that during the six months he was

in SHU none of the Mexican inmates was charged with a disciplinary violation.  Alcala also alleges

that he was placed in SHU by the Warden and her staff because he is Mexican.

## DISCUSSION

### A.    Motion to Dismiss Standards

The defendants have moved for dismissal pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)

examines whether the complaint fails to state facts upon which jurisdiction can be founded.  It is the

plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere



evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

PJG

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## B.    Official Capacity Claims

The defendants correctly assert that the court lacks subject matter jurisdiction over Alcala's claims for damages against the defendants in their official capacities because of the doctrine of sovereign immunity. To the extent Alcala seeks damages against the defendants in their official capacities, they are indeed protected by sovereign immunity. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (holding that an official capacity suit "generally present[s] only another way of pleading an action against an entity of which an officer is an agent" and "is, in all respects other than name, to be treated as a suit against the entity") (internal quotations omitted); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity").

## C.    Exhaustion of Administrative Remedies

The defendants also argue that Alcala's Complaint should be dismissed for failure to exhaust his administrative remedies. A prisoner must exhaust his administrative remedies as required by the



Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a)

provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of

this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." This requirement "applies

to all inmate suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S.

516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of

available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Those remedies

neither need to meet federal standards, nor are they required to be plain, speedy, and effective.

Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement

requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548

U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis

in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that

define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The

defendants have the burden of establishing that a plaintiff failed to exhaust his administrative

remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

The Bureau of Prisons ("BOP") has a three-tiered administrative grievance process. See 28

C.F.R. §§ 542.10 et seq. An inmate may first seek to informally resolve his complaint by filing Form

BP-8, and if the matter cannot be resolved informally, the inmate must file a formal written

"Administrative Remedy Request" (Form BP-9) within twenty calendar days following the date on

which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). If the inmate is

dissatisfied with the response, he may appeal the decision to the Regional Director within twenty

PJG

0:10-cv-02727-HMH    Date Filed 06/14/11    Entry Number 60    Page 6 of 8

calendar days of the date of the Warden's response by filing Form BP-10.  28 C.F.R. § 542.15.

Finally, the inmate may appeal this decision to the General Counsel within thirty calendar days of

the Regional Director's response by filing Form BP-11.  Id.

In this case, the defendants argue that Alcala has failed to properly complete all of the

required steps of the grievance process.  In August 2010, Alcala filed a BP-9, which was rejected for

untimeliness.  (See Lathrop Decl. ¶ 4 & Attach., ECF No. 36-1 at 2.)  Alcala subsequently filed a BP-

10, which was also rejected for untimeliness.  (Id. ¶¶ 6-7, ECF No. 36-1 at 3.)  Alcala asserts that

he could not timely exhaust his remedies because the staff denied him access to the necessary forms

for two months and lost one of his forms.  (See Compl. Attach., ECF No. 1-1 at 1.)  However, the

defendants have declared that BOP Program Statement 1330.16 provides that when an administrative

remedy request is untimely due to no fault of the inmate, "the inmate should request an extension

of time and resubmit his administrative remedy with written verification from a staff member

verifying the delay was through no fault of the inmate," and there is no evidence that Alcala

submitted any such request.  (Id. ¶¶ 5-7, ECF No. 36-1 at 2-3.)  Therefore, the defendants argue that

this matter must be dismissed for failure to properly exhaust his administrative remedies.

In response to the defendants' argument, Alcala reiterates that he is not at fault for failing to

exhaust his administrative remedies because he was denied the proper forms.  (Pl.'s Resp. in Opp'n

to Mot. to Dismiss, ECF No. 58 at 3.)  However, Alcala has not submitted any documents or

argument that he sought an extension of time to file his BP-9 or otherwise complied with Program

Statement 1330.16.  Alcala's argument that he was prevented from exhausting his administrative

remedies by generally stating that he asked for administrative forms and was not timely provided

them, cf. Hill v. O'Brien,  387 Fed. Appx. 396 (4th Cir. July 12, 2010); Hill v. Haynes, 380 Fed.

Appx. (4th Cir. June 2, 2010), is insufficient to refute the defendants' showing that he failed to properly exhaust his administrative remedies. See Woodford, 548 U.S. at 90; Jones, 549 U.S. at 218. Therefore, even taking the evidence in the light most favorable to Alcala, the record shows that he failed to properly exhaust his available remedies.[2]

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion to dismiss (ECF No. 36) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 14, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Moreover, even if Alcala's claims were properly exhausted, most if not all of Alcala's claims would be subject to dismissal for the alternative reasons argued in the defendants' memorandum in support of their motion to dismiss, which allege that Alcala's pleadings fail to comply with Federal Rule of Civil Procedure 8(a)(2) and fail to state a claim upon which relief can be granted. (See ECF No. 36 at 9-24.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).