IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Rosendo Alcala, #07177-298, ) | |
| ) | C.A. No. 0:10-2727-HMH-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Edgefield Federal Prison; ) | |
| Mary Mitchell, Warden; ) | |
| Mr. Acosta, Assist. Warden; ) | |
| Mr. Collie, Captain; ) | |
| Mr. Clark, Lt.; ) | |
| Mr. Holet, Lt.; ) | |
| Mr. Neal, C Unit Manager; ) | |
| Mr. Mahomes, A Unit Manager; ) | |
| Mr. Boltin, A 4 Counselor; ) | |
| Mr. Johnson, C 1 Counselor; ) | |
| Mr. Santiago, S.I.S.; ) | |
| Roper, Unit Officer; ) | |
| Upson, Unit Officer; ) | |
| Flores, Unit Offficer; ) | |
| Kate, Unit Officer; ) | |
| Martin, Unit Officer; ) | |
| Green, Unit Officer; ) | |
| Evans, Unit Officer; ) | |
| Jackson, Unit Officer; ) | |
| Mrs. Jones, A 4 Case Manager, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Rosendo Alcala ("Alcala"), a federal

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of

1

prisoner proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming deprivations of his Fifth, Eighth, and Fourteenth Amendment rights. Defendants moved to dismiss Alcala's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Magistrate Judge Gossett recommends granting Defendants' motion. For the reasons explained below, the court grants Defendants' motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Alcala alleges that following an altercation between inmates at Edgefield Federal Prison, between 100 and 125 Mexican prisoners were segregated from the general prison population and placed in a special housing unit ("SHU") for six months pending an investigation. (Compl. 1-2.) While confined in the SHU, Alcala claims that he and other Mexican prisoners were denied access to legal materials and outside recreation, and that they went on food strike "to get the officers['] attention." (Id. at 3.) Alcala maintains that none of the prisoners confined in the SHU ultimately were charged with misconduct. (Id.) Therefore, he alleges "this warden and her staff has [sic] violated the rights of the inmates that she has locked down for no reason; she has also made a racial thing out of this whole matter." (Id.) He seeks $250,000.00 in actual and punitive damages. (Id. at 5.)

---

those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. REPORT AND RECOMMENDATION

Magistrate Judge Gossett found that Alcala failed to exhaust administrative remedies, and therefore, she recommends granting Defendants' motion. Alcala timely filed objections to the magistrate judge's Report on June 22, 2011.[2] Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

In his objections to the Report and Recommendation, Alcala contends that dismissal for failure to exhaust administrative remedies is inappropriate because there is a genuine factual dispute "as to whether his remedies were made unavailable through no fault of his own." (Objections 2.) Defendants alternatively argue that dismissal is warranted because Alcala's factual allegations fail to state a claim for relief that is facially plausible. (Def. Mot. Dismiss 9-23; Def. Resp. Opp'n Pl. Mot. Am. Compl. 3.) For the reasons explained below, the court finds that, liberally construing Alcala's complaint, the allegations fail to give rise to a plausible claim of relief. Because the court grants Defendants' motion to dismiss on grounds distinct from those recommended by the magistrate judge, the court declines to adopt the Report and Recommendation.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

### III. DISCUSSION OF THE LAW

To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. While a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although the court must consider all well-pled factual allegations in a complaint as true, the court need not "accept as true a legal conclusion couched as a factual allegation." Id. The pleadings of pro se prisoners, moreover, are afforded a liberal construction, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but it is not the task of the court "to conjure up questions never squarely presented" or "to construct full blown claims from sentence fragments." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Alcala brings this Bivens action against Edgefield Federal Prison and nineteen prison officials. In a Bivens action, "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Consequently, Alcala "is required to allege facts indicating that defendants were personally involved in the claimed constitutional violation." Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (en banc).

Alcala contends that Warden Mary Mitchell ("Warden Mitchell") ordered her staff to segregate Mexican inmates from the general prison population pending an investigation into an

4

altercation. (Compl. 2.) He further alleges that Warden Mitchell "has . . . made a racial 'thing' out of this whole matter." (Id. at 3.) Alcala, however, fails to allege how any of the other individual defendants were personally involved in the deprivation of his constitutional rights. Because Alcala's complaint is devoid of factual allegations that personally connect any of the named defendants other than Warden Mitchell to his claimed constitutional violations, the court dismisses Alcala's Bivens claims against those defendants. Furthermore, Alcala's claim against Edgefield Federal Prison is squarely barred by Supreme Court precedent restricting liability in Bivens actions to individuals. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). Edgefield Federal Prison, therefore, also must be dismissed as a defendant.

Alcala contends that his confinement in the SHU violated his Fifth, Eighth, and Fourteenth Amendment rights. As explained below, Alcala's allegations, accepted as true, fail to show that he is plausibly entitled to relief.

### A. Fifth Amendment Claims

The Fifth Amendment to the United States Constitution prohibits the taking of one's liberty without due process. A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted).[3] "[A]dministrative segregation," the Supreme Court has observed, "is the sort of confinement that inmates should reasonably anticipate

---

[3] Although Sandin addressed state-created liberty interests secured by the Due Process Clause of the Fourteenth Amendment, courts have extended its application to prisoners' Fifth Amendment claims challenging confinement in federal prisons. See, e.g., Ware v. Morrison, 276 F.3d 385, 387 (8th Cir. 2002); Crowder v. True, 74 F.3d 812, 814 (7th Cir. 1996).

5

receiving at some point in their incarceration." Hewitt v. Helms, 459 U.S. 460, 468 (1983) (reviewing prison regulations authorizing administrative segregation "to protect the prisoner's safety, to protect other inmates from a particular prisoner, [or] to break up potentially disruptive groups of inmates"), receded from by Sandin, 515 U.S. at 483-84 & n.5.  Accordingly, the Fourth Circuit has found that prisoners' six-month confinement in administrative segregation does not constitute an "atypical and significant hardship" necessary to confer a liberty interest upon a prisoner despite allegations that (1) the prisoners were afforded no outside recreation and no educational or religious services and (2) the cells were invested with vermin, smeared with human feces, flooded with water from a broken toilet, and considerably hotter than cells in the general population.  Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997).

Alcala alleges that while housed in the SHU, inmates were denied outside recreation and access to legal materials, and that inmates had to go on food strike "in order to get the officers['] attention."  (Compl. 3.)  These conditions, however, are significantly less onerous than those the Fourth Circuit found insufficient to rise to the level of an atypical hardship in Beverati.  Accepting Alcala's factual allegations as true, he has failed plausibly to show that he endured an "atypical and significant hardship" while confined in the SHU.  Alcala's Fifth Amendment due process claim against Warden Mitchell, therefore, must be dismissed.  Pichardo v. Kinkler, 73 F.3d 612, 613 (5th Cir. 1996) (affirming district court's dismissal of prisoner's Fifth Amendment claim premised upon administrative segregation).

To the extent Alcala's Fifth Amendment claim is premised upon the Equal Protection Clause, S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542 n.21 (1987), he has failed to plead facts showing that such a claim is plausible on its face.  A prisoner claiming

6

an equal protection violation must allege facts demonstrating "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002). The complaint, moreover, must contain "facts that, if found to be true, would demonstrate that the disparate treatment lacks justification under the requisite level of scrutiny." Id.

Alcala's complaint contains no allegations that prison officials treated him and the other Mexican inmates differently than prisoners with whom they are similarly situated. Furthermore, his own allegations undermine the plausibility of his equal protection claim. Alcala concedes that Mexican prisoners were transferred to an SHU so prison officials could conduct an investigation following an altercation among inmates. (Compl. 2.) The Supreme Court has emphasized that prison officials have a compelling government interest with respect to prison security and discipline. Johnson v. California, 543 U.S. 499, 512 (2005). Alcala's conclusory allegation that Warden Mitchell placed him and other Mexican prisoners in the SHU to "ma[k]e a racial 'thing' out of this whole matter" is insufficient to state an equal protection claim that is plausible on its face. (Compl. 3.)

### B. Eighth Amendment Claim

Alcala next alleges that his confinement in the SHU violated the Eighth Amendment's prohibition of cruel and unusual punishment. A plaintiff challenging prison conditions under the Eighth Amendment must show "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). "The Constitution . . . does not mandate

comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted). Consequently, under the first prong, "[o]nly extreme deprivations" such as "a serious or significant physical or emotional injury resulting from the challenged conditions" suffice to establish an Eighth Amendment claim. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). To demonstrate deliberate indifference, a plaintiff must show that the defendant subjectively knew of and disregarded "an objectively serious condition, medical need, or risk of harm." Id.

Alcala has failed to allege any facts demonstrating that he was deprived of a basic human need. Significantly, Alcala does not allege any physical or emotional injury whatsoever. Instead, he merely claims that Defendants deprived him of outside recreation and access to legal materials. (Compl. 3.) Such deprivations, however, do not amount to extreme deprivations of basic human needs sufficient to give rise to an Eight Amendment violation. Alcala's Eighth Amendment claim, therefore, lacks facial plausibility and must be dismissed.

### C. Fourteenth Amendment Claim

Alcala further claims that his confinement in the SHU violated the Fourteenth Amendment. The Fourteenth Amendment, however, applies only to states and state actors. District of Columbia v. Carter, 409 U.S. 418, 424 (1973) ("[A]ctions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment."). Consequently, Alcala's Fourteenth Amendment claim fails.

### D. Motion to Amend Complaint

Alcala contemporaneously filed with his objections a motion for leave to file an amended complaint. With the motion, he attached a proposed amendment specifying that his claims against Defendants are in their individual rather than official capacities. (Mot. Leave File. Am. Compl. Ex. 1 (Proposed Amendment, generally).) Because Alcala's proposed amendment fails to cure any of the deficiencies explained above, the court denies the motion as moot.

Alcala's complaint, liberally construed, fails to state a claim for relief that is plausible on its face. Based on the foregoing, the court grants Defendants' motion to dismiss.

It is therefore

**ORDERED** that Defendants' motion to dismiss, docket number 36, is granted, and Alcala's complaint is dismissed without prejudice. It is further

**ORDERED** that Alcala's motion for leave to file an amended complaint, docket number 63, is denied as moot.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 13, 2011

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.